## (February 27, 1975)

■ In the Matter of EUGENIE YOUNG, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. No opinion. Herlihy, P. J., Sweeney, Kane and Larkin, JJ., concur; Greenblott, J., dissents and votes to reverse in the following memorandum. Greenblott, J. (dissenting). I am unable to agree that claimant's conduct on her last day of employment rises to the level of misconduct under the rule of *Matter of James* (*Levine*) (34 N Y 2d 491) so as to warrant her disqualification from benefits. It is not disputed that claimant had engaged in a number of heated arguments with her employer during the course of her employment. However, the fact that claimant did recover $1,500 in commissions which she had contended were overdue lends credence to a finding that her annoyance with her employer was founded upon good cause and was not the product of "an utter disregard for the continuation of employment" (*Matter of Raven* [*Levine*], 40 A D 2d 128, 130). Moreover, as indicated by the findings of the board, claimant was not discharged for temperamental outbursts or use of abusive language as was the case in *Raven* (*supra*). Rather, when claimant was advised as to how she would be expected to behave in the future, she replied that she would not suppress her personality, and for that she was discharged. While claimant's response may have been a defiant one precipitated by the heat of recent exchanges, she was not given an opportunity to conform her future behavior to the employer's demands. The statement that she would not suppress her personality was, in my opinion, nothing more than an expression of "mere petty irritability" of a kind found insufficient in *Raven* (*supra*, p. 130) to warrant disqualification. The decision should be reversed.